The next matter is Smith v. Barr. First up is Mr. Duvall for four minutes, and then Mr. Profeta for four minutes. Good morning, Your Honors. May it please the Court. This is actually Timothy Profeta. I'm going first on behalf of Lincoln Smith for Seton Hall Law School's Center for Social Justice. In a moment, my co-counsel, Mr. Duvall, will address why, if this Court reaches the issue, 7.1a is not divisible, and so the modified categorical approach does not apply. But first, I will discuss two issues, the government's waiver and Mr. Smith's purported confession. First, as to waiver, the government did not raise the issue of divisibility below, and so this Court does not need to reach that issue. Your Honors, the only issue on appeal is Mr. Smith's eligibility for cancellation of removal, and the government has abandoned every argument it made on that issue to the agency, and therefore forfeited the only argument it raises as to that issue on appeal. In essence, the government has forfeited the argument that 7.1a is divisible and that the modified categorical approach applies, and no manifest injustice would result if Smith were permitted to make arguments before the agency that his removal should be canceled. The government raises two entirely new arguments on appeal, confession, which I'll address in a moment, and that 7.1a is divisible. However, below, the government argued that Smith's New York and his New Jersey convictions were categorically removable offenses, and the government has abandoned those arguments on appeal and shifted their position in favor of divisibility. And for this Court's precedent, issues not raised to the BIA are forfeited to this Court, and that is exactly the scenario here, and again, no manifest injustice would result from that forfeiture. Your Honor, there's simply – Judge Park, so the question – I mean, the question for us, I think, is – or I guess the issue is whether there's a categorical match between the New Jersey statute 7.1 and the federal analog, and I take it – sounds like your argument is that we can't even consider whether the provision is divisible, even though that's a question of law, because it wasn't raised below by the government? Correct, Your Honor. The government failed before both the immigration judge and the BIA to raise the question of whether or not 7.1a is divisible, and under both Xiong and Green, they've therefore forfeited that issue. Are you arguing that the general proposition that we can reach back and decide on any issue that the record supports is not available in agency appeals? Well, yes, Your Honor. I think – I don't think this Court – or this Court does not have the power to affirm an agency decision on grounds other than what the agency found, and in this case, the agency ruled that Mr. Smith was ineligible because his New York and his New Jersey convictions were categorically aggravated felonies, and so on appeal, the government shifts their position to divisibility, which, as I said before – Excuse me. You have one more minute. Okay. Thank you. Under this Court's precedent, they're stopped from doing. And secondly, if I could just quickly address the government's argument that Mr. Smith made concessions as to his eligibility for cancellation of removal, and as to that matter – If I could just go back to – I'm sorry. This is Judge Park again. So the situation there would be – if accepting what you say is right, wouldn't it be more prudent to remand the matter for the BIA for these issues to be discussed and briefed in the first instance, as opposed to deciding the issue without the benefit of what seems to be a potentially meritorious legal argument? Well, Your Honor, I think that would be tantamount to giving the government a second and third bite at the apple in raising the divisibility argument. They failed to raise it below to the immigration judge. They failed to raise it to the BIA. Only now are they raising it to this Court, and remanding to consider that issue would be giving them another opportunity. And we're asking that the government in making arguments are held to the same standards that someone seeking cancellation would be held to. And then lastly, if I could just – Thank you, Mr. Profeta. You've reserved one minute for rebuttal, so we'll hear next from Mr. Duval. Good morning, Your Honors. Jordan Duval on behalf of Mr. Smith as well. I'm going to explain why 7.18 is not divisible. The government makes two arguments, both of which are mistaken. First, that cocaine is an element of Smith's 7.18 conviction. And second, that 7.18 is divisible between its second and third degree offenses. To the government's first point, cocaine is not an element of Smith's 7.18 conviction. Instead, it is an alternative factual means of satisfying the CBS element of 7.18. I think we need to realize or understand what the visibility is to see why that is the case. The visibility requires two things. First, there are multiple alternative offense elements rather than alternative factual means that satisfies an offense element. And two, that those multiple alternative offense elements carve out an exclusively qualifying subdivision. In other words, there must be at least one subdivision where the least offense conduct is qualifying. But that's not the case here. Cocaine is alternative factual. I'm sorry. I'm sorry. Judge Nardin, Mr. Duval, may I ask you a question? Yes. Go ahead. And first of all, let me just preface this with I want to compliment you and your colleagues for the very careful brief that you wrote here. It's been very helpful. But can I just ask you to address the state versus Jordan and the New Jersey cases that appear to say as a matter of New Jersey law that the identity of the drug is an element. And it seems to me when I read Mathis that the Supreme Court has told us that we're to live and die by the state's own construction of its own laws. And if the state of New Jersey decides that drug identity is an element and not an alternative means, aren't we just stuck with that one way or the other? So could you maybe address Mathis and how it interplays with cases like state versus Jordan? Thank you, Your Honor. So state versus Jordan did not address this issue. It addressed whether the defendant had to be aware that he was 500 feet from the public property. And Mathis does say that if the state does definitively decide that something is an element, then the court is bound by that. But New Jersey has not decided that issue yet. And the government did not rely on that heavily within its brief because New Jersey has not decided that. Instead, it is an alternative factual means of 7.1a. But the government argues that because 7.1a references Section 5, then – and because Section 5 gives out alternative punishments based on the specific CDS, then automatically 7.1a has a specific CDS as an element. But that's not the case. The basis of that argument does not apply to 7.1a. 7.1a does not give out differing punishments based on the specific CDS. It doesn't even list the differing CDSs. That's because the core of the 7.1a conviction is to preclude drug trafficking of any CDS from 500 feet of public property because it wants to eliminate the ills that come from drug trafficking that arise close to schools, playgrounds, etc. And now I'd like to just move on to the second point. Actually, Mr. Duval, do you mind if – can I just ask you a further question about this? Yes. Because it's interesting how, as you point out, there's clear case law from New Jersey courts about Section 5.5. And the government is arguing that the state court's articulation of elements for 5.5 should be incorporated into 7.1. And I understand you to be saying that, no, that those cases should be cabined to 5.5, not imported into 7.1. But how do you deal with the way New Jersey courts have construed 5.5 to say that the identity of the drug is an element even if the different drugs don't yield different penalties? So I can understand your argument would be stronger, it strikes me, if, say, the differences between charging cocaine and marijuana and they would trigger different penalties. The problem is there's case law saying that if someone is found with, say, cocaine and heroin, each individual drug must be brought as a separate unit of prosecution or a separate count, a separate violation of the statute. Even though they would not trigger different penalties. So I guess what I'm wondering is if that's how New Jersey interprets 5.5, so in other words, you have a multiplicity problem if you charge two drugs in one count. Why should we not treat 7.1 or presume that New Jersey would treat 7.1 the same way? I don't know if my question is clear. Yes, it's clear, Your Honor. So it's because the sale of two different drugs are two different actions, and those specific drugs are alternative means of satisfying that element. For example, we can compare it to burglary. So if a person burglarizes two different structures, those are two different actions. Now, what those structures actually are are factual means of satisfying the structure element. I see that my time is up. If there's no further questions, I will reserve my time for rebuttal. Thank you. We'll hear next from Mr. Newell for the government. Good morning. May it please the court. My name is Craig Newell, and I'm here on behalf of the Attorney General. The board properly concluded that Mr. Smith was statutorily ineligible for cancellation of removal because he was convicted of a drug trafficking aggravated felony. The first point I will address is the argument that the board did not address the divisibility issue. The sole reason the board and the immigration judge did not get to a divisibility issue is because Mr. Smith, through his former counsel, made a formal admission that his conviction involved cocaine. And so with the cocaine, which is definitely a federally controlled substance, and the action terms of the New Jersey statute issue here, those satisfy all of the elements of the federal analog, which is 21 U.S.C. 841, which is the federal felony under the FAA. Excuse me. This is Judge Parker. Notwithstanding that concession, wasn't the board nevertheless obligated to do a divisibility analysis? I mean, the identity of the drug was in the charging document, so you don't get to that unless you have a statute that satisfies the requirements. The board did not have to do it here because the difference is when there is a formal admission, it is treated differently than if that is contested. And so that is the realm that the board and the immigration judge were in. Also, the board and the immigration judge relied on the Matter of ROSA board precedential decision, which itself was a very similar situation where the alien admitted the factual allegation about cocaine. The board also, in Matter of ROSA, which was relied upon by the board here, did state in a footnote that it did not need to address divisibility, but it said that it held, I mean, it concluded that the New Jersey statute is divisible by its controlled substance terms. So by referencing that, the board is stating its agreement with that divisibility finding. Under this court's precedent, the formal factual admission, Mr. Smith is bound to throughout the litigation. I'm sorry, counsel, but this is Judge Nardini. It's not really a factual admission, right? I mean, it was really a legal position that was taken, right? I mean, it is not a fact in the sense that we consider findings of fact of whether a particular provision of New Jersey statutory law falls within the scope of a particular federal law, right? That's not a fact. That's correct, Your Honor. What is a fact is that in the Notice to Appear, the charging document, it lists out the relevant convictions from Mr. Smith. And in there, the facts state his conviction, this New Jersey conviction for a second degree offense, and that involved cocaine. And he did not deny that factual allegation to thus deny the inclusion of cocaine in it, but he admitted that. And my speculation as to his form more out from the record, the strategy of the former counsel was to persuade the immigration judge and the board and thus maybe ultimately this court to follow this Chang v. Cruz Third Circuit case. But with the issuance of the matter of Rosa decision, that changed the framework. And even if the court is uncomfortable with relying on this formal admission itself, there are two strong grounds for finding the statute divisible in a manner that allows it to proceed to the modified categorical approach. This court reviews this question de novo. And so it can look at it here. We are not asking the court to uphold the board's decision on a ground that it did not rely on. It relied on the fact that this was a drug trafficking aggravated felony. OK. And so it is. But can I help me understand why we are entitled to go off on divisibility if it was not a basis for the board's conclusion? The court is able to do so because of its de novo review of the finding of whether a state court conviction equals a drug trafficking aggravated felony. And the only reason the board did not get into that analysis is because of the way Mr. Smith presented his case before the agency. He presented it with this concession that involves cocaine. And we just had a categorical match when that wasn't that issue. If we were to step back and say it is that issue, then the court needs to decide whether 35-7.1 is divisible in a manner that sections out the non-remunerative transfers of marijuana. And a way to do that is look at the fact that the controlled substance term is an element. And the element for the 7.1 offense requires showing that the general distribution offense has been proven plus the fact that it was done within 500 feet of public property. And if you look down to what are the elements of the general position under 5, the case law shows that it includes that controlled substance is an element. And as further support for that, if you look to New Jersey case law about its protected zone statutes themselves, both the school zone and the public property zone, they treat each offense, I'm sorry, each drug as a separate offense. So if someone has been caught possessing both cocaine and heroin in a public park, he is charged with two offenses and is convicted of those two offenses. They're not merged. And so that is a strong indicator that it is an element under both the general provision under 5 and also under the 7.1 here. This is Judge Park. Isn't there still a mismatch when it comes to small amounts of marijuana that there's this issue of under our definition in Hilton of a small amount being 30 grams versus 28 and change. There isn't a precise match between the federal and the New Jersey provisions. And so what's your response to that? I think you argued in the brief that there doesn't have to be mathematical provision or precision, but I don't know if you could explain that a little bit more where that comes from. OK, yes. Yes, Your Honor. First of all, the only need for the court to go to that alternative method of divisibility is if it does not agree that the controlled substance term itself is a divisible, is an element. If it's that, then if it's divisible by element, then we can look to the fact that it was cocaine here, which it was. If it does not agree with that, then it is definitely divisible between the second degree offense and the third degree offense. OK, the mathematical precision argument is that in Hilton, this court defines a small amount, which is an imprecise term in and of itself in the Controlled Substance Act as being an approximation of weight, either an ounce or 30 or 30 grams. If we are going to draw the line very finely, then this court will have to choose between one of those terms, an ounce and 30 grams, which are not precisely the same amount. And so the argument is that this is misdemeanor. So I'm sorry. What do we want to do? Can I just jump in? When I read Hilton, I don't see any ambiguity here. I think that we clearly I'm reading from page fifty nine. I mean, we held quite specifically that an ounce is a small amount, right? Correct. And so I guess I'm not I mean, isn't that just I don't know. Isn't it true that 30, was it 30 grams under New Jersey law? Under New Jersey law, it's an ounce. Yeah. OK, so an ounce under New Jersey law, precisely one ounce. Is that a misdemeanor or the felony? Precisely one ounce. I is. Yeah, precisely one ounce. I mean, to divide it at that, because the third degree offense is less than one is less. So in theory, then the felony, the third or whatever that is, the felony could include one ounce, right? It could. Yeah. And then we have held in Hilton that a small amount includes an ounce, which is a misdemeanor, right? I mean, there's I know it's a very small line, but an ounce under federal law is a misdemeanor and an ounce under New Jersey law is felony. I mean, they just don't line up. If you land at that argument where we're comparing the minimal amount, you may lose by a hair. But the fact is you're on the wrong side of the line, right? Yes. If if if if if we're down past the formal admission and the divisibility by controlled substance and we're to this and then, yes, it would it would be a loss by a hair. And I just want to be clear that I'm not saying I agree with you. It's only assuming you get past the divisibility analysis. Could you just spend a minute really quickly? Because I know you're running low on time to address what you believe the state of New Jersey law is about whether or not the identity of the drug is an element under seven point one. And if so, what what impact that has on our analysis? The identity of the drug under New Jersey law is an element. The first reasoning is that it's because seven point one requires the elements of the general provision under five plus the location element and five itself requires controlled substance as an element. So it's just a logical step forward. And in addition, on pages thirty three and thirty four of the government brief, numerous New Jersey state cases show that they treat they treat the controlled substance term in the same manner under these protected zone offenses as elements. They are treated as this differing each. If you had a bag with two different drugs in it and were in a public park and caught there, you would be charged with and convicted of two offenses over under the under the same statute. This is markedly different than in and how it's done in New York in the Harbin decision. If you if you look in that decision, when this court discusses the New Jersey cases there, it's the opposite. If you had multiple drugs, it doesn't matter. It's just any drug. That's enough. And so New Jersey treats it differently. And that's what Matthews instructs us that when we're looking at the visibility and it's a very state specific inquiry. If the court has no further questions, I thank you very much for my time. Thank you, Mr. Newell. We'll hear next from Mr. Profeta for a minute of rebuttal. Thank you, Your Honor. I have two quick points. Again, this court should not remand and should find the visibility to be forfeited again because the government should not get a third bite at the apple. It would be a different story if the government raised that issue to the BIA. The BIA did not reach that issue in their decision, but the government neither raised that issue to the BIA and BIA did not rule on that issue. And secondly, I would like to point out that Mr. Smith's only concessions below were to the brute facts of his offense conduct, and he made no admissions about the elements of 7.1a. And the brute facts underlying his conviction have no legal effect on the analysis of whether or not 7.1a lines up to those of Section 841. Thank you, Your Honor. Thank you. Mr. Duvall? Yes, I would like to address Your Honor Nardini's question. No, we should not import New Jersey's view of 5a into 7.1a for a few reasons. They are structurally different, as in there is no Section 5b, how it lays out the differing punishments based on the different CDSs. There's no such thing for 7.1a. There's no such thing as differing punishment, regardless of whether it's in the statute or not. And also, this is completely consistent with this court's precedent in Harbin, where it says if there are no differing punishments, then we will treat it as a factual mean and not a differing element. Thank you. Thank you, Mr. Duvall, and thank you both for your service to the court, well argued.